# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4703 | DATE | 6/27/2001 |
| CASE TITLE | FRULLATI FRANCHISE SYSTEMS, INC. vs. DANA AREECE & COMPANY, and MUHAMAD ALI ABBASI | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Frullati Franchise Systems, Inc.'s motion for a temporary restraining order [2-1] is granted. Dana Areece & Company and Muhamad Ali Abbasi are temporarily enjoined from using Frullati's trade names, trademarks, service marks, designs, logos and trade dress. This order expires on July 9, 2001 at 5:00 pm. This order becomes effective upon the posting of a bond in the amount of $20,000. See Fed. R. Civ. P. 65 (c). Status hearing set on July 9, 2001 at 4:30 p.m. to schedule discovery, preliminary injunction briefing and trial. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 28 2001 | |
| X | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUN 27 PM 7: 48 | JUN 2 8 — date mailed notice | |
| | courtroom deputy's initials Sb | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRULLATI FRANCHISE SYSTEMS, INC., | ) |
| Plaintiff, | ) No. 01 C 4703 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| DANA AREECE & COMPANY, and MUHAMAD ALI ABBASI | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

JUN 28 2001

Frullati Franchise Systems, Inc. ("Frullati") sues Dana Areece & Company ("Areece") and Muhamad Ali Abbasi ("Abbasi") (collectively "defendants") for federal trademark infringement, unfair competition, and dilution, in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(A), and 1125(C) and various Illinois laws and remedies. Frullati seeks a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65 (b) to enjoin defendants' continued use of Frullati's registered and unregistered trademarks and trade names.

The following facts are taken from Frullati's complaint and motion for a temporary restraining order. Areece is an Illinois corporation with its principal place of business in Palos Hills, Illinois. Abbasi is the president and controlling principal of Areece. Frullati is a Texas corporation with its principal place of business in Dallas, Texas. Frullati operates and franchises Frullati Café locations for the purpose of selling a limited menu of food products. The company operates nearly 100 franchised and company-owned

stores throughout approximately 18 states. A franchised Frullati Café can only be operated under a valid Frullati agreement. This agreement requires franchisees to comply with various operational requirements and provides the right to use certain trade names, service marks, and trade marks, including "Frullati," "Frullati Café," "Frullati All Natural," and related signature logos (collectively "proprietary marks"). Frullati is the owner, licensee, or assignee of all the proprietary marks. These marks are listed on the principal register of the United States' patent and trademark office.

In June 1998, defendants executed a Frullati's franchise agreement ("the agreement"), a sublease, and other related agreements for the operation of a Frullati Café at Merchandise Mart in Chicago, Illinois. The agreement licensed defendants to use Frullati's proprietary marks, but required this usage to immediately cease upon contract termination.

Throughout the course of the agreement, Frullati contends defendants repeatedly breached the terms of the agreement and sublease. Each of these breaches allegedly were material under the terms of the agreement. Defendants breaches included failure to: (1) pay rent, (2) provide proper Frullati royalty reports, (3) pay royalty fees, and (4) maintain sufficient funds in Areece's banking accounts. Frullati provided defendants with numerous opportunities to cure their defaults without avail. On May 14, 2001, Frullati gave defendants 30 days notice that the agreement would be terminated. On June 8, 2001, defendants filed a complaint in Cook County state court seeking declaratory judgment that Frullati's notice of termination was improper and invalid. Defendants further requested injunctive relief and recission of the agreement.

The parties dispute whether the agreement still exists. Frullati contends the

agreement terminated after the close of business on June 14, 2001 and, therefore, Areece was required to cease using Frullati's proprietary marks at this time. Defendants continue to operate the Frullati Café at Merchandise Mart and use the proprietary marks.

A plaintiff seeking a TRO or preliminary injunction must show: "(1) a likelihood of success on the merits, (2) irreparable harm if the preliminary injunction is denied, and (3) the inadequacy of any remedy at law." *Yournetdating, LLC v. Mitchell*, 88 F.Supp.2d 870, 871 (N.D. Ill. 2000). If a plaintiff satisfies these requirements, the court must then balance the interests of the public and the potential harm to the parties if the TRO is wrongfully granted or denied. *Id.*

**Likelihood of success on the merits**

For purposes of a TRO or preliminary injunction, a plaintiff need only establish a "trivial chance of succeeding on the merits." *Green River Bottling Company v. Green River Corporation*, 997 F.2d 359, 361 (7th Cir. 1993). Frullati meets this low threshold. In order to prevail under § 43(a) of the Latham Act, Frullati must show has a protectable trademark and there is a likelihood of confusion regarding the source of defendants' product. *International Kennel Club v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988). Frullati holds federally registered proprietary marks. Trademark registration is "prima facie evidence of the validity of the registered mark . . . and of the registrant's exclusive right to use the registered mark . . . ." 15 U.S.C. § 1057(b). Additionally, unregistered marks are protected to the same extent as registered marks under the Latham Act. *Processed Plastic Company v. Warner Communication, Inc.*, 675 F.2d 852, 855, n.4 (7th Cir. 1982).

In regard to the second prong, defendants' continued use of Frullati's proprietary marks poses the threat of confusion if an agreement between the parties no longer exists. Section XVII.A.(3)(s) of the agreement provides Frullati may terminate the agreement, "[i]f Franchisee . . . repeatedly commits a material event or default under this Agreement, whether or not such defaults are of the same or different nature and whether or not such defaults have been cured by Franchisee after notice by Franchisor . . ." Section XVII.A.(1) provides that any failure to perform an obligation under the agreement constitutes a material breach. Frullati presents evidence that defendants committed numerous material breaches of the agreement. Although defendants offer their own contradictory evidence, there is at least a negligible chance Frullati will succeed on the merits.

## Irreparable harm for which there is no adequate remedy at law

It is a well-established presumption that injuries arising from Latham Act violations are irreparable, even absent a showing of business loss. *Abbott Laboratories v. Mead Johnson & Company*, 971 F.2d 6, 16 (7th Cir. 1992). These irreparable injuries will continue as long as defendants use Frullati's proprietary marks. There is no adequate remedy at law for the potential damage to Frullati's reputation and loss of good will. Accordingly, Frullati has satisfied the second and third TRO hurdles.

## Balance of interests

The public will benefit from a TRO that prevents a franchisee from selling food products under false pretenses. This benefit outweighs the minimal harm the public will suffer by having one less choice of eating establishments. Moreover, irreparable injury

to Frullati is presumed from infringement of its proprietary marks. In addition, defendants themselves are seeking to have the agreement rescinded in state court. Consequently, defendants cannot legitimately claim they will be harmed substantially by a temporary order requiring them to cease using Frullati's tradenames and trademarks. Accordingly, Frullati's motion for a TRO must be granted.[1]

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 27, 2001

---

[1] Defendants contend this court should abstain from ruling on the TRO motion until the state court makes a decision on the termination issue. However, they offer no valid reason for abstention. The mere fact that they filed their action first is unpersuasive. *See Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) ("This circuit has never adhered to a rigid 'first to file' rule.") (internal citations omitted).